UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| LEON COMBS, | ) |
| Petitioner, | ) Civil No. 6: 09-213-DCR |
| v. | ) |
| KAREN HOGSTEN, | ) **MEMORANDUM OPINION** |
| Respondent. | ) **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Leon Combs is currently incarcerated at the Federal Correctional Institution in Manchester, Kentucky. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, R. 2, and has paid the $5 filing fee. For the following reasons, Combs' petition will be denied.[1]

## I.   Relevant Facts

On April 20, 2001, Combs was convicted of drug and firearms charges in violation of 18 U.S.C. §§ 924(c), 841. *United States v. Combs*, U.S. Dist. Ct., E.D., Ky., Southern Div., at Pikeville, Criminal No. 7: 01-17-JMH. On June 7, 2004, the United States Court of

---

[1] The Court conducts a preliminary review of habeas corpus petitions pursuant to 28 U.S.C. § 2243. *Harper v. Thoms*, 51 F.App'x 517 (6th Cir. 2002). Because Combs is not represented by an attorney, his petition is reviewed under a more lenient standard. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citations omitted). The Court accepts the Petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Id*. The Court may deny the petition if it fails to establish grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

Appeals for the Sixth Circuit reversed the firearm conviction due to defects in the indictment, but affirmed the drug conviction. Following remand, the district court vacated the firearm conviction based upon the defective indictment.

On June 22, 2004, the United States re-indicted Combs on the firearm charge. On December 27, 2004, he was found guilty of the offense. *United States v. Combs*, U.S. Dist. Ct., E.D., Ky., Southern Div., at London, Criminal No. 6 :04-54-JMH. Combs filed an appeal and on March 1, 2007, but Sixth Circuit affirmed the conviction. The United States Supreme Court denied Combs's petition for a writ of certiorari on March 25, 2008, and his petition for rehearing on June 2, 2008.

On March 17, 2009, Combs filed a motion under 28 U.S.C. § 2255 with the trial court.[2] The motion asserts numerous grounds for relief, including one arising under the Supreme Court's decision in *Watson v. United States*, 128 S.Ct. 579 (2007). In *Watson*, the Court held that a person who receives a firearm in exchange for drugs does not "use" the firearm during and in relation to a drug trafficking crime within the meaning of 18 U.S.C. § 924(c). *Id.,* at 586. The United States filed a response to Combs' motion, noting that courts have held that *Watson* does not provide a basis for relief when a defendant is convicted of possessing a firearm during a drug trafficking crime. *See Belcher v. Dewalt*, 2008 WL 4280137 (E.D. Ky., Sep. 15, 2008).

Combs filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 24, 2009. He contends that, under *Watson*, his receipt of a firearm in exchange for

---

[2] That motion remains pending as of this date.

drugs does not constitute the "use" of a firearm during and in relation to a drug trafficking crime. Combs also asserts that this claim is cognizable under § 2241 because it involves neither newly-discovered evidence nor a new rule of constitutional law made retroactive for use in collaterally attacking a conviction, and because *Watson* was decided after his direct appeal and petition for writ of *certiorari* were denied.

**II.     Analysis**

A person convicted of a federal crime may challenge his conviction by filing a motion to vacate the judgment pursuant to 28 U.S.C. § 2255. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). The provision invoked by Combs here, 28 U.S.C. § 2241, is generally used to challenge decisions affecting the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *See United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991).

The only exception to this distinction is that the "savings clause" of § 2255 permits a prisoner to challenge his criminal conviction under § 2241 if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e); *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Section 2255 has been found to be "inadequate or ineffective" where, after the petitioner's conviction becomes final, the Supreme Court interprets the criminal statute under which he was convicted in such a way that petitioner's actions did not violate the terms of the statute, rendering him "actually innocent" of the conduct proscribed. *See Lott v. Davis*, 105 F.App'x 13, 15 (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that

a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.") (citations omitted).

In *Watson*, the Supreme Court held that merely receiving a firearm as part of a drug transaction did not constitute its "use" for purposes of § 924(c). *Watson,* 128 S.Ct. at 586. While this decision may have changed the law with respect to the scope of the conduct proscribed by the statute, it was not an "intervening" change in the law with respect to Combs. As noted above, a change in the law is "intervening" when the Supreme Court's decision occurs after the petitioner's conviction becomes final. A conviction becomes final for purposes of a collateral attack when all avenues for relief on direct appeal are exhausted. *See United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002). In this case, the Supreme Court's December 10, 2007, decision in *Watson* was issued before Combs's conviction became final when the Supreme Court denied his request for reconsideration on June 10, 2008. Thus, the *Watson* decision is not an intervening change in the law that provides a basis for Combs to invoke the Court's habeas jurisdiction under § 2241.

Combs also asserts that the Court must entertain his § 2241 petition because his claims are not cognizable in a § 2255 motion. He is correct that, because his motion is not predicated upon newly-discovered evidence or a newly-available and retroactive rule of constitutional law, it does not satisfy either of the permissible bases for a second or successive § 2255 motion. 28 U.S.C. § 2255(h). However, this argument is unavailing because Combs's first § 2555 motion remains pending. As previously noted, not only could Combs include his present argument in a § 2255 motion, he has actually done so.

Accordingly, it is hereby **ORDERED** as follows:

-4-

    (1)    Petitioner Leon Combs's petition for a writ of habeas corpus [Record No. 2] is **DENIED**.

    (2)    The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

    (3)    This case is **STRICKEN** from the Court's active docket.

This the 2nd day of October, 2009.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge